Dolores Sparks SELIGMAN et vir, Appellants,

v.

William H. SPARKS, Jr., Appellee.

No. 14405.

Court of Civil Appeals of Texas.

Houston.

Nov. 19, 1964.

Dotson & McFarland, Gordon A. Dotson, Houston, for appellants.

Cesare J. Galli, Jr., Houston, Herman W. Mead, Houston, of counsel, for appellee.

BELL, Chief Justice.

Appellant, Dolores Sparks Seligman, and appellee were husband and wife. Appellee obtained a divorce from said appellant in June of 1952. The judgment in the divorce case recites that "the court finds from the pleadings and evidence that the parties had settled their community property rights prior to the filing of the suit." The judgment makes no attempt to dispose of the community property or to state what the agreed division between the parties was.

On October 22, 1962, appellant, Mrs. Seligman, joined by her husband, filed suit against appellee, seeking to recover an undivided one-half interest in two tracts of land in Harris County, each containing

1.08 acres. By a second amended petition filed after she learned the property had been sold, Mrs. Seligman sets up that at the time of the granting of the divorce the parties agreed they would later partition their community property. She then sets out that the community property consisted of the two tracts of land and personal property consisting of an automobile of unknown value and furniture of the probable value of $1500.00. She alleges the land was being bought at the time under a "contract of purchase". She asserts that appellee had, when the purchase price was paid in 1956, procured a deed from the sellers conveying title to himself and that in 1962 he sold the property for approximately $17,500.00 and that there remained owing on the purchase price approximately $11,-750.00. She claims a one-half interest in the total sales price. She asserts she first learned of the sale about March 1, 1963.

Appellee, in his second amended original answer, alleges that prior to the divorce the parties entered into an agreement partitioning the small amount of their community property. The agreement was that Mrs. Seligman was to receive the furniture and appellee was to receive the equity in land and an old automobile worth about $150.00 and he was to assume all community debts alleged to be about $1500.00 in amount. The furniture was alleged to have a value of approximately $1,000.00. The equity in the land was alleged to have been $875.-00. Appellee alleges that in reliance on the agreement he paid off, after the divorce, the balance due on the land and Mrs. Seligman is estopped to assert any interest. He alleges he tendered the furniture to her but she told him to keep it as their son needed it. Custody of the 10 year old boy was given appellee by the divorce decree. Various statutes of limitation were pled.

The evidence shows that on July 22, 1948, during the marriage, appellee entered into a contract with the owners to buy the land for $2,160.00. Payment was to be made at the rate of $25.00 per month. Interest was at the rate of 5% per annum. If de-

fault was made in any payment, sellers at their option, could cancel the contract. If full payment was made, sellers agreed to convey by general warranty deed. In 1949 a separate contract was made as to each lot, reciting the consideration for each lot was $1,080.00.

We will not notice all of the trial court's findings of fact, but only those that are determinative of the appeal.

He found that prior to the divorce the parties agreed upon a partition of their property. In this connection he found that at the time of the divorce $917.08 had been paid on the contract to purchase the land. By the agreement appellee was to receive and did receive all of the interest of the parties under the contracts of purchase and an old automobile. Appellee assumed community debts, other than that owing under the contract of purchase, in the amount of more than $1,000.00. Mrs. Seligman was awarded the furniture valued at approximately $1,000.00.

It was also found that Mrs. Seligman knew of the balance due on the contracts of purchase; that at no time had she paid or offered to pay any part of the balance owing or any taxes.

■ These findings of fact are supported by the evidence. The evidence was conflicting but the trial court has resolved the conflict.

■ We are of the view that the trial court's judgment is sustainable, first, on the ground that the parties had in fact partitioned their community property as found by the trial court. The evidence as to values shows the division was fair and equitable.

■ Additionally, we are of the view that under the "contract for deed" if at the time of the divorce Mrs. Seligman had any equitable right to acquire an interest in the land she by her subsequent conduct abandoned her right and is now estopped to as-

sert it. Under the trial court's finding, which is supported by evidence, she made no payments on the land, made no payment of taxes, and made no offer to do so. The evidence also shows she stated she wanted no interest under the contracts and her first assertion of an interest came after the balance owing had been paid by appellee and after the land had greatly increased in value. Myers v. Crenshaw, Tex.Civ.App., 116 S.W.2d 1125, aff'd on other points by Com. of App., 134 Tex. 500, 137 S.W.2d 7; Johnson et al. v. Smith et al., 115 Tex. 193, 280 S.W. 158.

Judgment of the trial court is affirmed.