Georgie Belle PIERSON, Appellant,

v.

Ray Milton PIERSON, Appellee.

No. 17586.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 24, 1980.

Rehearing Denied Feb. 28, 1980.

not been partitioned in the parties' divorce decree. The case was tried to the court without a jury and resulted in a take nothing judgment. No findings of fact or conclusions of law were requested. The case will be affirmed.

Georgie Belle Pierson, appellant, and Ray Milton Pierson, appellee, entered into an agreement concerning the division of their community property after separation and during the pendency of the divorce action. Mrs. Pierson signed a waiver of citation, a property settlement agreement, and two quitclaim deeds to the real estate belonging to the parties and did not appear in the divorce court.

In the settlement agreement the parties agreed to divide a parcel of real estate owned as community property into two tracts. A house was situated on a one acre tract. The agreement provided that both tracts were to become the separate property of Mr. Pierson, and that Mrs. Pierson should have a lien on the one acre tract as security for the sum of $15,000.00 which Mr. Pierson was to pay to her on sale of the house. It was agreed that the property settlement agreement would be void if a divorce was not granted, and that in the event the divorce was granted the agreement would be incorporated into the divorce decree.

A divorce decree signed on the 13th day of April, 1978, provided only that the parties had "agreed among themselves as to an equitable division of the community property acquired during their marriage, requiring no orders of this court." The provisions of the property settlement were not incorporated into the divorce decree and a property settlement agreement was not filed with the court.

In her petition Mrs. Pierson asserted that the community real property was not divided by the judgment in the divorce case. In the alternative she alleged that she was induced to enter into the property settlement agreement by fraud and misrepresentation on the part of Mr. Pierson. In his answer Mr. Pierson alleged that the parties had entered into a valid and binding property settlement agreement. At the trial he

Thomas R. Johnson, Friendswood, Ronald N. Etzel, Pearland, for appellant.

Dan Hennigan, R. V. Hebisen, Ray Keller, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is a suit for partition of community real estate which the plaintiff alleged had

**178**

testified that he had lost the signed agreement, but he produced what he asserted to be a copy of the agreement. Mrs. Pierson denied having signed the agreement produced at the trial.

Since no findings of fact were filed, this court must presume that the trial court made findings on all disputed fact issues such as would support the judgment entered. Accordingly we presume that the instrument introduced into evidence by Mr. Pierson was in fact a copy of the property settlement agreement executed by the parties. We also presume that the trial judge found that Mr. Pierson was guilty of no fraud, misrepresentation or deceit in securing the consent of Mrs. Pierson to the agreement. These findings are sufficiently supported by creditable evidence.

Mrs. Pierson asserts that the property settlement agreement is invalid and not binding because of the failure of Mr. Pierson to comply with the provisions of Rule 11, T.R.C.P. This Rule provides that no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record. The judgment reflects that Mrs. Pierson did not appear at the hearing on the divorce, so it is obvious that the agreement was not made in open court. The agreement was in writing and signed by the parties, but it was not filed with the papers as part of the record. The divorce court was prohibited from enforcing the property settlement agreement by Rule 11. The decree can be construed as finding that the parties had agreed upon a property settlement which they considered to be equitable. The settlement agreement was not expressly approved nor was it implemented by the divorce judgment.

The legislation conferring upon and relinquishing to the Supreme Court of the State of Texas full rule making power in civil judicial proceedings provided that the rules adopted would not abridge, enlarge or modify the substantive rights of any litigant. Article 1731a, V.A.C.S. Rule 1, T.R.C.P.,

provides that the proper objective of the rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. Rule 2, supra, provides that the rule shall govern the procedure in the courts of the State of Texas in all actions of a civil nature. Section 5.42 of the Texas Family Code provides that the spouses may partition between themselves at any time all or any part of their community property provided the partition or exchange is in writing and subscribed by both parties.

In *Francis v. Francis*, 412 S.W.2d 29 (Tex. 1967), the Supreme Court of Texas stated: ". . . While Article 4638 directs courts granting divorces to 'order a division of the estate of the parties in such a way as the court shall deem just and right,' it is not the purpose of the statute to proscribe amicable division and settlement by the parties. And if as a part of their settlement the parties agree that the husband will make support payments to the wife after a divorce is granted, approval of the agreement by the court should not be held to invalidate it as alimony. Amicable settlement by the parties of their property rights should be encouraged, not discouraged. The agreement will then have whatever legal force the law of contracts will give to it. . . ."

A consent decree is a contract in addition to an adjudication, and it may stand as a contract even though it fall as an adjudication. *Reagan County Purchasing Co., Inc. v. State*, 65 S.W.2d 353 (Tex.Civ. App.-Austin 1933, no writ); *Brown v. Wood*, 239 S.W.2d 195 (Tex.Civ.App.-Dallas 1951, writ ref'd).

We must conclude that the property settlement agreement entered into between the parties was validly executed and is enforceable between the parties. We presume that the trial court found that it has not been breached by either party. The parties have divided their property and no cause of action for partition exists merely by reason of the fact that the judgment in the divorce action does not set out the

terms of the agreement. *Seligman v. Sparks*, 384 S.W.2d 227 (Tex.Civ.App.-Houston 1964, no writ).

■ Rule 11 is a procedural rule which would have rendered the property settlement agreement unenforceable in the divorce action, unless a properly signed copy had been incorporated in the divorce decree or filed with the records of the case, had it been called to the attention of the court. It does not operate to invalidate the agreement as a contract.

The judgment is affirmed.