Juanita R. RECIO, Appellant,

v.

Manuel RECIO, Jr., Appellee.

No. 13–83–076–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 23, 1984.

646

Juan Perales, Robstown, for appellant.

James Lawrence, Corpus Christi, for appellee.

Before GONZALEZ, UTTER and KENNEDY, JJ.

## OPINION

GONZALEZ, Justice.

This is a suit for partition of community real estate which appellant (plaintiff below) alleged had not been partitioned in the parties' divorce decree. Appellee (defendant) "counterclaimed," alleging appellant had already been awarded her share of the real property pursuant to an agreement between the parties. The case was tried to the court without a jury and resulted in a judgment whereby the disputed real estate was awarded to defendant as his separate property. We reverse and remand.

Findings of fact and conclusions of law were made as follows:

## FINDINGS OF FACT

1. On or about June 9, 1980, a decree of divorce was entered in cause no. 79–2537–C in the 94th District Court of Nueces County, Texas, between Juanita R. Recio and Manuel Recio, Jr.

2. That at the time of the entry of the said decree of divorce, the above parties owned the following real property:

Lot Eight (8), Block One (1), Highway Addition, City of Robstown;

Lot Nine (9), Block One (1), Highway Addition, City of Robstown.

3. That at the time of the divorce, Plaintiff and defendant entered into an oral agreement whereby the division of the real property was as follows:

Defendant, Manuel Recio, Jr. was to be awarded the house and lot at 530 Central Avenue, Robstown, Texas, also described as Lot Eight (8), Block One (1), Highway Addition, City of Robstown, Texas;

Plaintiff, Juanita R. Recio, was to be awarded the house and lot at 528 Central Avenue, Robstown, Texas, also described as Lot Nine (9), Block One (1), Highway Addition, City of Robstown.

4. That the decree of divorce awarded Plaintiff the house and lot at 528 Central Avenue, Robstown, Texas, also described as Lot Eight (8), Block One (1), Highway Addition, City of Robstown; and that said street number and lot number did not match.

5. That on or about September 1, 1982, an Order Nunc Pro Tunc was entered in Cause No. 79–2537–C in the 94th District Court of Nueces County, Texas, whereby the original decree of divorce between Manuel Recio, Jr. and Juanita R. Recio was corrected to read that Respondent, Juanita R. Recio, was awarded the house and lot located at 528 Central Avenue, Robstown, Texas, also described as Lot Nine (9), Block One (1), Highway Addition, City of Robstown, Texas.

6. That Manuel Recio, Jr.'s parents deeded Lot Eight (8), Block One (1), Highway Addition, City of Robstown, also known as 530 Central Avenue to Manuel Recio, Jr. and Juanita R. Recio on or about March 23, 1977.

7. That prior to the divorce and after the divorce, the parents of Manuel Recio, Jr. lived at 530 Central Avenue, also known as Lot Eight (8), Block One (1), Highway Addition, City of Robstown, Texas.

## CONCLUSIONS OF LAW

1. The agreement between Manuel Recio, Jr. and Juanita R. Recio at the time of the divorce was a voluntary partition between them and as such operates as an estoppel to a subsequent judicial action initiated by any of said parties.

2. That under the doctrine of constructive trusts, the Plaintiff was constructive trustee for Defendant who was equitable holder of title to the property in question. To allow Plaintiff to be awarded ½ of the property in question would be unjust enrichment.

3. Defendant Manuel Recio, Jr. is awarded as his sole separate property the following described real property: Lot Eight (8), Block One (1), Highway Addition, City of Robstown, Texas, also known as 530 Central Avenue, Robstown, Texas.

### ISSUE ON APPEAL

In a single point of error, appellant alleges:

The Trial Court erred in finding that the parties had entered into an agreement incident to their divorce which constituted a disposition of their community property interest in the realty in question in the partition suit and in awarding said realty to Appellee, because no evidence was presented at the trial that was legally sufficient to support the finding and the order.

■ Appellee testified that he and his former wife orally agreed to a division of their community estate, and that pursuant to the terms of that agreement, he was to receive one lot and she the other. Although appellant denied any agreement, the court, as trier of fact, was sole judge of the credibility of the witnesses, and entitled to disregard her testimony. *Buffalo Savings & Loan Ass'n v. Trumix Concrete Co.*, 641 S.W.2d 650 (Tex.App.—Corpus Christi 1982, no writ); *Fonseca v. County of Hidalgo*, 527 S.W.2d 474, 480–81 (Tex. Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

■ Ordinarily, appellee's testimony would be some evidence to support the judgment of the court. We would therefore affirm that judgment. *However*, in this case, appellant argues that that evidence is not competent to support the finding of a partition and that the general "no evidence" test applied by this Court must yield to both a statute and a rule.

### *Rule 11*

Specifically, appellant relies upon TEX.R. CIV.P. Rule 11 and § 5.42(a), TEX.FAM. CODE ANN. (Vernon 1974), to argue that even if it was established that the agreement was made, it may not be enforced as it was neither signed nor reduced to writing.

■ The suit below was tried as an action for partition and adjustment of equities incidental to partition of the common property, and not as an extension of the divorce suit. *See Smith v. Cooper*, 541 S.W.2d 274 (Tex.Civ.App.—Texarkana 1976, no writ). Clearly, the alleged agreement would have been unenforceable in the divorce action. *Pierson v. Pierson*, 596 S.W.2d 176, 178 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). However, we perceive a fundamental difference between an agreement concerning a suit and a suit concerning an agreement. Rule 11 addresses the former. To apply the rule in the manner appellant seeks would preclude judicial enforcement of any oral contract. Such an abridgement of the substantive rights of a litigant is impermissible. *Pierson*, 596 S.W.2d at 178; TEX.REV.CIV. STAT.ANN. art. 1731a § 2 (Vernon 1962). As stated by the court in *Pierson:*

Rule 11 is a procedural rule which would have rendered the property settlement agreement unenforceable in the divorce action, unless a properly signed copy had been incorporated in the divorce decree or filed with the records of the case, had it been called to the attention of the court. It does not operate to invalidate the agreement as a contract.

596 S.W.2d at 179. Appellant's reliance on Rule 11 is misplaced. As the alleged agreement was not made as an incident of the instant suit, but rather was a defense to it, the rule has no application.

### *Fam. Code § 5.44*

■ Appellant also complains that the court's judgment awarding the property in question to appellee based on an oral agreement of the parties is contrary to provisions of the Family Code. One of the advantages accruing to an appellant through a request for express findings of fact and conclusions of law is the avoidance of findings that would otherwise be implied to support the judgment. *Duncan v. Wil-*

*lis,* 157 Tex. 316, 302 S.W.2d 627, 634 (1957). We are required to appraise the judgment in light of the findings actually made, and we cannot presume a different finding in favor of the judgment where it has not been made. *Hanover Insurance Co. v. Sonfield,* 386 S.W.2d 160 (Tex.Civ. App.—Houston [1st Dist.] 1965, no writ); *Reid v. Gulf Oil Corp.,* 323 S.W.2d 107, 118 (Tex.Civ.App.—Beaumont 1959), *aff'd,* 161 Tex. 51, 337 S.W.2d 267 (1960).

 Examination of the record leaves no other logical conclusion but that the basis of the trial court's judgment was its determination that a parol partition was agreed to by the former spouses. In the case of a partition or exchange of community property the agreement must be in writing and subscribed by both parties. TEX.FAM.CODE ANN. § 5.44 (Vernon Supp. 1982–83).[1] Absent compliance with the statute, any agreement is unenforceable. Appellant's point of error is therefore sustained.

Having sustained a no evidence point that attacked a vital finding, we would ordinarily render judgment for appellant. Tex.R.Civ.P. 434.

It is the general rule in civil cases that, when the Court of Civil Appeals reverses the judgments of the trial court for lack of evidence in support thereof, it will not render judgment unless it appears that the case in that respect has been fully developed. In such cases, when it does not appear that the facts have been fully developed, the judgment of the appellate court should be one of remand and not one of rendition.

*Lanford v. Smith,* 128 Tex. 373, 99 S.W.2d 593 (1936).

In the instant suit, we cannot say that the former husband's case was not fully developed. However, in a partition proceeding, the court has not only the right, but the duty to consider all questions of law or equity affecting the title to the land. TEX.R.CIV.P. 760. There was testimony that appellee's parents were the equitable owners of the property and had conveyed legal title to appellee and his wife only because they were unable to borrow against the property because of their advanced years. It was further developed that after conveyance to their son and daughter-in-law, the younger couple was able to secure a loan and the proceeds were used to improve both of the residences. When the evidence showed that others with an interest in the land were not before the court, it was the trial court's duty to arrest the proceedings and cause these others to be made parties before rendering its decree. *Maverick v. Burney,* 88 Tex. 560, 32 S.W. 512 (1895); *Buffalo Bayou Ship Channel Co. v. Bruly,* 45 Tex. 6 (1876); *Clegg v. Clark,* 405 S.W.2d 697 (Tex.Civ. App.—Waco 1966, writ ref'd).

An appellate court may not *reverse* a case "in the interest of justice," *United States Fire Insurance Co. v. Carter,* 473 S.W.2d 2 (Tex.1971), however, having reversed this case because of error committed on trial, we now remand the case so that the rights, if any, of those who may have an equitable interest in the property may be determined.

The judgment of the trial court is reversed and remanded.

---

1. Although the alleged partition occurred before the 1981 amendments to the Texas Family Code, the prior law was the same. *See* TEX.FAM. CODE ANN. § 5.42(a) (Vernon 1974).