NO. 07-02-0060-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 23, 2002


______________________________



BECKY LYNN HANEY
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108th DISTRICT COURT OF POTTER COUNTY;



NO. 44,553-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Appellant Becky Lynn Haney appeals her conviction of possession of a controlled
substance, i.e., less than one gram of methamphetamine. In doing so, she argues that (1)
the trial court erred in admitting evidence of an extraneous offense without first determining
whether a jury could find that she committed the offense, and (2) she received ineffective
assistance of counsel because her attorney failed to investigate her competency to stand
trial or the viability of the insanity defense. We affirm the judgment of the trial court. 


Background


 On March 22, 2001, police officers went to appellant's home to respond to a fight
between her two daughters Natasha and Brandy. Appellant's husband Ed left the house
through the back door and one of the police officers followed him to see if he had
witnessed the fight and, because of previous "knowledge" of Ed, to see whether he was
getting a weapon or destroying any kind of evidence in the back yard. In the yard, the
officer smelled an unusual odor that, from his experience with methamphetamine
laboratories, indicated a laboratory was located on the premises in a storage shed. Written
permission to search the premises was then obtained from appellant. In the shed, the
officers found equipment that could be used to manufacture illegal drugs. When a female
officer later attempted to body search appellant in the bathroom, a little plastic bag fell from
a piece of toilet tissue in appellant's hand onto the floor. The substance in the bag was
determined to contain methamphetamine. 

 Issue One - Admission of Extraneous Offense

 In her first issue, appellant complains that the trial court erred in admitting evidence
as to the items found in the shed which in addition to testimony included 22 photographs.
This was error, she argues, because the court failed to find beyond a reasonable doubt
that she committed the crime of manufacturing methamphetamine. We overrule the point.

 Appellant objected at trial to the admission of evidence as to a methamphetamine
lab by arguing: "My objection is, she is not charged with manufacturing meth" and "[o]nce
the jury hears that, that is going to prejudice them against her, and . . . I think that we can
discuss permission to search the house and what they found, without getting into that . . . ." 
In response, the State contended that the evidence went to knowledge and intent and also
asserted that the offense was not extraneous but went to the reason why the officers
sought to search appellant. The court overruled the objection without indicating the basis
upon which it did so, and, upon appellant's additional objection, overruled appellant's
complaint that the prejudicial effect outweighed the probative value. Appellant was given
a running objection to the admission of any such evidence. Appellant later objected to the
admission of the photographs on the basis they were immaterial and irrelevant. Although
that objection was originally sustained, the court subsequently allowed the admission of
the photographs. 

 At trial, appellant did not request the court to determine that appellant had
committed the offense beyond a reasonable doubt or object to the court's alleged failure
to do so. Appellant also did not object to the State's failure to prove commission of the
offense by her. To preserve a complaint for appellate review, appellant must state the
grounds for the ruling sought with sufficient specificity to make the trial court aware of the
complaint unless the specific grounds were apparent from the context. Tex. R. App. P.
33.1(a)(1); Aguilar v. State, 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000). Because the
specific ground of complaint asserted here must have been asserted below and it was not,
appellant's current complaint is waived. Penry v. State, 903 S.W.2d 715, 763 (Tex. Crim.
App.), cert. denied, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). 

 Issue Two - Ineffective Assistance of Counsel

 In her second issue, appellant complains that she received ineffective assistance 
of counsel because her counsel failed to investigate her competency to stand trial or
whether an insanity defense was viable. (2) We overrule the point.

 The standard of review applicable to claims of ineffective assistance is well
established. Therefore, we will not repeat it, but cite the parties to Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1984) and Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999) for its explanation. 

 First, we note that claims of ineffective assistance must be firmly founded in the
record before us. Rios v. State, 990 S.W.2d 382, 385 (Tex. App.-Amarillo 1999, no pet.). 
Though appellant contends that her trial attorney failed to investigate the issues of
competency to stand trial or insanity at the time of the offense, the record does not support
such a conclusion. No motion for new trial was filed. Nor did anyone purport to testify
about the extent, if any, of counsel's investigation into his client's competency or sanity.
Instead, appellant merely infers that because 1) the trial court did not hold a competency
hearing and 2) trial counsel supposedly failed to request the court to have his client undergo
mental examination or evaluation, he must not have conducted any investigation. Yet, the
latter conclusion does not logically or necessarily follow from the premises offered. Counsel
may well have investigated those topics on his own or with professional assistance without
having broached them to the court. And, whether or not we think this likely is of little
consequence for we must act on the record, not on our speculation, hunch, or surmise. In
short, the record before us must be one which illustrates deficient performance and, when
the deficiency involves the purported failure to investigate, it must show the want of
investigation. The record before us, in this direct appeal, does not do that. 

 Second, the case of Bouchillon v. Collins, 907 F.2d 589 (5th Cir. 1990), an opinion
upon which appellant relies, is readily distinguishable. There, the appeal was from an order
granting a petition for writ of habeas corpus. Thus, trial counsel's knowledge of the
defendant's mental state and the actions, if any, undertaken by counsel were developed to
an extent greater than that here. There, the reviewing court was not left to guess at the
facts or evidence for it had been developed. That is missing here. And, because it is and
due to the admonition that disputes like those before us must be resolved on a case-by-
case basis, id. at 596 n.22, we cannot say that Bouchillon dictates that we reverse the
judgment for the want of effective trial counsel.

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Justice 

 

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. As an incidental part of her argument, appellant states that the trial court failed to sua sponte raise
the issue of her competency. She cites no legal authority to support any contention she may be trying to raise
with respect to trial court error, and we will therefore not address the matter. See Jenkins v. State, 912
S.W.2d 793, 819 (Tex. Crim. App. 1993). 



sed="false" Name="Light Shading Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0249-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                            JANUARY
11, 2011

                                            ______________________________

 

                                            WILLIAM COALE AND JULIE COALE,

 

                                                                                                            Appellants

 

                                                                             v.

 

              RONALD SCOTT,
HAZEL SCOTT, JACQUELINE SCOTT, JUDY SAUR, 

SHEA SAUR AND HEATHER SAUR,

 

                                                                                                            Appellees

                                           _______________________________

 

                        FROM THE 274TH DISTRICT
COURT OF COMAL COUNTY;

 

                      NO. C2004-0600C; HON.
CHARLES R. RAMSAY, PRESIDING

                                           _______________________________

 

Opinion

_______________________________

 

Before
QUINN, C.J., and HANCOCK 
and PIRTLE, JJ.

            William Coale
and Julie Coale (the Coales)
appeal from an order approving a Rule 11 agreement purportedly entered into by
the Coales and Ronald Scott, Hazel Scott, Jacqueline
Scott, Judy Saur, Shea Saur and Heather Saur (the Scotts).  Through two issues, it is contended that the
trial court abused its discretion by enforcing a Rule 11 agreement after its
plenary power had expired and which agreement improperly expanded the Scotts
rights accorded in the original judgment. 
We affirm.

Background

            The underlying suit involved the
resolution of a dispute regarding an easement. 
A final judgment was entered favoring the Scotts and recognizing the
easement.  Several years passed after
which the Scotts moved the trial court to enforce its judgment.  That motion was granted, though the trial
court denied what appeared to be a Motion to Enter Order.  Shortly thereafter, the Scotts filed a
Motion to Enter Order and Enforce Rule 11 Agreement.  The agreement arose after the trial courts
original judgment became final and allegedly clarified various matters for the
parties viz
the easement.  The trial court granted
that motion and approve[d] that one certain Rule 11 Agreement filed with the
Court on March 20, 2009.  It is from
that order the Coales appealed.

Issue One  Plenary Jurisdiction
Expired 

In their first issue, the Coales contend that the trial court lacked jurisdiction to
approve and enforce the March 20, 2009 Rule 11 agreement.  We overrule the issue.

Irrespective of whether a trial court
lost its plenary jurisdiction over its judgment, the trial courts authority to
approve a Rule 11 agreement does not depend upon whether it has such jurisdiction.  Karp v. Karp, No.14-01-902-CV, 2002 Tex. App. Lexis 8014, at *4 (Tex. App.Houston [14th Dist.] November
7, 2002, no pet.) (not designated for publication).  It may enforce a Rule 11 agreement touching
upon the suit executed after the cause was tried and finally resolved via
judgment.  Id.  And, since a trial court
has the continuing power to enforce its judgments after they become final, see Arndt v. Farris, 633 S.W.2d 497, 499
(Tex. 1982); Custom Corporates
v. Security Storage, Inc., 207 S.W.3d 835, 839 (Tex. App.Houston [14th Dist.] 2006,
orig. proceeding); Comm'n for Lawyer Discipline v. DeNisco, 132 S.W.3d 211, 214-15 (Tex. App.Houston [14th Dist.] 2004, no pet.); see also Tex. R. Civ. P. 308 (providing that a court shall cause its
judgments and decrees to be carried into execution; . . . .), common sense
tells us that an attempt to have the court enforce its judgment, as was done
here, is tantamount to the continuation of an aspect of the underlying suit. i.e. the effectuation of what was
adjudicated.  So, a settlement agreement,
like that at bar, executed while the parties were attempting to sway the trial
court to enforce its judgment logically falls within the scope of any suit
pending for purposes of Rule 11.[1]  

            Furthermore,
we find of record an agreement signed by all parties.  That it may have been signed via duplicate
copies (i.e. one or more signatories
executing multiple copies of the same instrument) is of little import because
each signature of each party does eventually appear under the same terms to
which all agreed.  Pierson v. Pierson, 596 S.W.2d 176, 179 (Tex. Civ. App.Houston [1st Dist.] 1980, no writ) (stating
that a contract may be valid though signed by the parties thereto via
conforming copies).  Therefore, we
overrule the contention that the agreement was unenforceable because no one
document contained all the signatures.  

Issue Two  Misapplication of Rule 11

            In
their second issue, the Coales believe that the Rule
11 agreement was unenforceable because they allegedly withdrew their consent to
it before the trial court ordered its enforcement.  We disagree.

            Rule
11 requires that the agreement be filed of record before the court may enforce
it.  Alcantur v. Okla. Nat. Bank, 47 S.W.3d 815, 819 (Tex. App.Fort Worth 2001, no pet.).  If the accord is in writing, signed by the
parties or their attorneys, and filed of record, it does not matter whether a
party no longer agrees to it when the trial court is finally asked to enforce
it.  Padilla v. LaFrance, 907 S.W.2d 454, 461
(Tex. 1995); West Beach Marina, Ltd. v. Erdeljac, 94 S.W.3d 248, 255 (Tex. App.Austin 2002, no pet.).  This is so because the agreement becomes a
contract when executed, not when the trial court attempts to enforce it.  Indeed, the trial courts order is simply a
judgment enforcing a binding contract.  Id.   

            Overruling
all issues raised by the Coales, we affirm the trial
courts order enforcing the Rule 11 agreement. 


 

                                                            Brian Quinn

                                                            Chief Justice

 

 

 

 











[1]According
to Texas Rule of Civil Procedure 11:

Unless otherwise
provided in these rules, no agreement between attorneys or parties touching any
suit pending will be enforced unless it be in writing,
signed and filed with the papers as part of the record, or unless it be made in
open court and entered of record.