NO. 07-09-0249-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                            JANUARY
11, 2011

                                            ______________________________

 

                                            WILLIAM COALE AND JULIE COALE,

 

                                                                                                            Appellants

 

                                                                             v.

 

              RONALD SCOTT,
HAZEL SCOTT, JACQUELINE SCOTT, JUDY SAUR, 

SHEA SAUR AND HEATHER SAUR,

 

                                                                                                            Appellees

                                           _______________________________

 

                        FROM THE 274TH DISTRICT
COURT OF COMAL COUNTY;

 

                      NO. C2004-0600C; HON.
CHARLES R. RAMSAY, PRESIDING

                                           _______________________________

 

Opinion

_______________________________

 

Before
QUINN, C.J., and HANCOCK 
and PIRTLE, JJ.

            William Coale
and Julie Coale (the Coales)
appeal from an order approving a Rule 11 agreement purportedly entered into by
the Coales and Ronald Scott, Hazel Scott, Jacqueline
Scott, Judy Saur, Shea Saur and Heather Saur (the Scotts).  Through two issues, it is contended that the
trial court abused its discretion by enforcing a Rule 11 agreement after its
plenary power had expired and which agreement improperly expanded the Scotts’
rights accorded in the original judgment. 
We affirm.

Background

            The underlying suit involved the
resolution of a dispute regarding an easement. 
A final judgment was entered favoring the Scotts and recognizing the
easement.  Several years passed after
which the Scotts moved the trial court to enforce its judgment.  That motion was granted, though the trial
court denied what appeared to be a “Motion to Enter Order.”  Shortly thereafter, the Scotts filed a
“Motion to Enter Order and Enforce Rule 11 Agreement.”  The agreement arose after the trial court’s
original judgment became final and allegedly clarified various matters for the
parties viz
the easement.  The trial court granted
that motion and “approve[d] that one certain Rule 11 Agreement filed with the
Court on March 20, 2009.”  It is from
that order the Coales appealed.

Issue One – Plenary Jurisdiction
Expired 

In their first issue, the Coales contend that the trial court lacked jurisdiction to
approve and enforce the March 20, 2009 Rule 11 agreement.  We overrule the issue.

Irrespective of whether a trial court
lost its plenary jurisdiction over its judgment, the trial court’s authority to
approve a Rule 11 agreement does not depend upon whether it has such jurisdiction.  Karp v. Karp, No.14-01-902-CV, 2002 Tex. App. Lexis 8014, at *4 (Tex. App.–Houston [14th Dist.] November
7, 2002, no pet.) (not designated for publication).  It may enforce a Rule 11 agreement touching
upon the suit executed after the cause was tried and finally resolved via
judgment.  Id.  And, since a trial court
has the continuing power to enforce its judgments after they become final, see Arndt v. Farris, 633 S.W.2d 497, 499
(Tex. 1982); Custom Corporates
v. Security Storage, Inc., 207 S.W.3d 835, 839 (Tex. App.–Houston [14th Dist.] 2006,
orig. proceeding); Comm'n for Lawyer Discipline v. DeNisco, 132 S.W.3d 211, 214-15 (Tex. App.–Houston [14th Dist.] 2004, no pet.); see also Tex. R. Civ. P. 308 (providing that a “court shall cause its
judgments and decrees to be carried into execution; . . . .”), common sense
tells us that an attempt to have the court enforce its judgment, as was done
here, is tantamount to the continuation of an aspect of the underlying suit. i.e. the effectuation of what was
adjudicated.  So, a settlement agreement,
like that at bar, executed while the parties were attempting to sway the trial
court to enforce its judgment logically falls within the scope of “any suit
pending” for purposes of Rule 11.[1]  

            Furthermore,
we find of record an agreement signed by all parties.  That it may have been signed via duplicate
copies (i.e. one or more signatories
executing multiple copies of the same instrument) is of little import because
each signature of each party does eventually appear under the same terms to
which all agreed.  Pierson v. Pierson, 596 S.W.2d 176, 179 (Tex. Civ. App.–Houston [1st Dist.] 1980, no writ) (stating
that a contract may be valid though signed by the parties thereto via
conforming copies).  Therefore, we
overrule the contention that the agreement was unenforceable because no one
document contained all the signatures.  

Issue Two – Misapplication of Rule 11

            In
their second issue, the Coales believe that the Rule
11 agreement was unenforceable because they allegedly withdrew their consent to
it before the trial court ordered its enforcement.  We disagree.

            Rule
11 requires that the agreement be filed of record before the court may enforce
it.  Alcantur v. Okla. Nat. Bank, 47 S.W.3d 815, 819 (Tex. App.–Fort Worth 2001, no pet.).  If the accord is in writing, signed by the
parties or their attorneys, and filed of record, it does not matter whether a
party no longer agrees to it when the trial court is finally asked to enforce
it.  Padilla v. LaFrance, 907 S.W.2d 454, 461
(Tex. 1995); West Beach Marina, Ltd. v. Erdeljac, 94 S.W.3d 248, 255 (Tex. App.–Austin 2002, no pet.).  This is so because the agreement becomes a
contract when executed, not when the trial court attempts to enforce it.  Indeed, the trial court’s order is simply a
judgment enforcing a binding contract.  Id.   

            Overruling
all issues raised by the Coales, we affirm the trial
court’s order enforcing the Rule 11 agreement. 


 

                                                            Brian Quinn

                                                            Chief Justice

 

 

 

 











[1]According
to Texas Rule of Civil Procedure 11:

Unless otherwise
provided in these rules, no agreement between attorneys or parties touching any
suit pending will be enforced unless it be in writing,
signed and filed with the papers as part of the record, or unless it be made in
open court and entered of record.